

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2007

# Smith v. Devline

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4844

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Smith v. Devline" (2007). *2007 Decisions.* Paper 783.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/783

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4844

KIM SMITH,
Appellant

v.

DIRECTOR DEVLINE; MS. BARBARA HILL, Caseworker;
CASE MANAGER MORRIS; CLAUDIA ASBURY, Intake Staff;
INTAKE STAFF CONNIE; CHARLES SULLIVAN; CHRIS CARDOVA;
SHIFT SECURITY SUPERVISOR FRANK; RENEWAL INC,
the chairman of the board

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 04-cv-00558
(Honorable Joy F. Conti)

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2007

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed July 11, 2007)

OPINION OF THE COURT

PER CURIAM.

Appellant, Kim Smith, proceeding pro se, appeals from the District Court's order entering summary judgment in favor of Appellees. For the reasons that follow, we will affirm.

Smith filed a complaint in the United States District Court for the Western District of Pennsylvania pursuant to 42 U.S.C. § 1983. He alleges that in 2004, he was paroled from the Pennsylvania State Correctional Institution-Coal Township to Renewal, Inc. ("Renewal"), a treatment center. Smith alleges that, while he was a resident at that center, Renewal employees denied him access to health care, prevented him from attending medical appointments, forced him to live in a room without heat, interfered with his access to mail, denied him the opportunity to leave the facility to seek employment, and placed him in a job that negatively affected his medical conditions.

Appellees filed a motion for summary judgment, arguing that they were entitled to judgment as a matter of law because Smith could not show that Renewal and its employees were acting "under the color of state law," as is required to state a claim under 42 U.S.C. § 1983. Based on the affidavit of Doug Williams, Chief Executive Officer of Renewal, the District Court granted the motion and entered judgment in favor of Appellees.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt,

2

63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002).

To prevail on his claim under § 1983, Smith must show not only that Renewal violated his rights, but also that it acted under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Smith bears the burden of proving that Renewal acted under the color of state law. Roberts v. Stetson School, Inc., 256 F3d 159, 164 (3d Cir. 2001).

The following facts remain uncontradicted by Smith. Renewal is a non-profit corporation that provides treatment services to offenders in the criminal justice system to facilitate their successful re-entry into society. Although Renewal contracts with various government entities, some residents of the program pay the cost of the program without any governmental assistance. Renewal is governed by a board of trustees, who volunteer for the position and are elected by the board of directors. None of the members of the board of directors are appointed by a governmental entity. The policies and procedures that govern the residents of the program and the employees of Renewal are created and adopted by Renewal and are not set by a governmental entity. Renewal has full discretion over who is admitted into its program; a governmental entity cannot force or require Renewal to accept any particular person into its program. When a resident commits a program violation, Renewal does not have the authority to return the resident to prison.

3

Renewal is required to notify the proper governmental authority, who then determines whether the resident should be returned to prison or remain in the program.

The inquiry regarding whether Renewal's actions can be considered taken under color of state law is fact specific. Groman v. Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). Smith failed to submit any facts from which the District Court could have concluded that Renewal and its employees were acting under the color of state law. In his objections to the Magistrate Judge's Report and Recommendation, Smith states that he has never taken the position that Appellees operate under the color of state law because such proof is not required for a civil rights action under § 1983. (Doc. 127, p. 5). Smith is mistaken. As we have explained, a plaintiff in a § 1983 action bears the burden of proving that the defendant was acting under the color of state law. See Roberts v. Stetson School, Inc., 256 F3d at 164. Appellant has failed to meet that burden.

Accordingly, we conclude that the District Court properly entered summary judgment in favor of Appellees, and we will affirm that judgment.